IN RE RULES CREATING AND CONTROLLING THE OKLAHOMA BAR ASSOCIATION



 

 
 
 
 
 
 Skip to Main Content
 Accessibility Statement
 
 
 
 
 
 Help
 Contact Us
 
 
 
 
 e-payments
 Careers
 
 
 
 
 
 
 
 
 
 
 
 Home
 Courts
 Decisions
 Programs
 News
 Legal Research
 Court Records
 Quick Links
 
 
 
 
 
 OSCN Found Document:IN RE RULES CREATING AND CONTROLLING THE OKLAHOMA BAR ASSOCIATION

 

 
 



 
 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 

 
 IN RE RULES CREATING AND CONTROLLING THE OKLAHOMA BAR ASSOCIATION
2019 OK 73
Case Number: SCBD-4483
Decided: 11/12/2019
THE SUPREME COURT OF THE STATE OF OKLAHOMA
Cite as: 2019 OK 73, __ P.3d __

 
NOTICE: THIS OPINION HAS NOT BEEN RELEASED FOR PUBLICATION. UNTIL RELEASED, IT IS SUBJECT TO REVISION OR WITHDRAWAL. 

IN RE: Rules Creating and Controlling the Oklahoma Bar Association (Article II, Sec. 5)

ORDER

¶1 This matter comes on before this Court upon an Application to Amend Art. II Section 5 of the Rules Creating and Controlling the Oklahoma Bar Association, 5 O.S. ch. 1, app. 1, adding language as set out in Exhibit A attached hereto, clarifying that when seeking a Special Temporary Permit to practice law in the State of Oklahoma, compliance with Rule 2 of the Rules Governing Admission to the Practice of Law in the State of Oklahoma is also required.

¶2 This Court finds that it has jurisdiction over this matter and the Rules are hereby amended as set out in Exhibit A attached hereto, effective immediately.

¶3 DONE BY ORDER OF THE SUPREME COURT IN CONFERENCE this 12th day of November, 2019.

/S/CHIEF JUSTICE

Gurich, C.J., Darby, V.C.J., Winchester, Edmondson, Colbert, Combs and Kane, JJ., concur;

Kauger, J., not voting.

 

 

EXHIBIT A

Rules Creating and Controlling the Oklahoma Bar Association
(Okla. Statutes Title 5, Chapter 1, Appendix 1)

Section 5. OUT-OF-STATE ATTORNEYS AND ATTORNEYS GRANTED A SPECIAL TEMPORARY PERMIT TO PRACTICE.

A. Definitions - The following definitions govern this Article:

1. Out-of-State Attorney: A person who is not admitted to practice law in the State of Oklahoma, but who is admitted in another state or territory of the United States, the District of Columbia, or a foreign country.

2. Oklahoma Attorney: A person who is (a) licensed to practice law in Oklahoma, as an active or senior member as those categories are defined in Section 2 of this Article; and (b) a member in good standing of the Oklahoma Bar Association.

3. Oklahoma Courts or Tribunals: All trial and appellate courts of the State of Oklahoma, as well as any boards, departments, commissions, administrative tribunals, or other decision-making or recommending bodies created by the State of Oklahoma and functioning under its authority. This term shall include court-annexed mediations and arbitrations. It shall not, however, include federal courts or other federal decision-making or recommending bodies which conduct proceedings in Oklahoma.

4. Proceeding: Any action, case, hearing, or other matter pending before an Oklahoma court or tribunal, including an "individual proceeding" within the meaning of Oklahoma's Administrative Procedures Act (75 O.S. § 250.3).

5. Attorney Granted Special Temporary Permit to Practice: An attorney who is granted a special temporary permit pursuant to Rule Two Sections 5 and 6 of the Rules Governing Admission to the Practice of Law in the State of Oklahoma.

B. An out-of-state attorney may be permitted to practice before Oklahoma courts or tribunals solely for the purpose of participating in a proceeding in which he or she has been employed upon the following express conditions:

1. The out-of-state attorney shall make application with the Oklahoma Bar Association, in such form and according to the procedure approved by the Board of Governors of the Oklahoma Bar Association. Said application shall include an affidavit (or unsworn statement under penalty of perjury pursuant to 12 O.S. § 426) which: (a) lists each state or territory of the United States, the District of Columbia, or foreign country in which the out-of-state attorney is admitted; and (b) states that the out-of-state attorney is currently in good standing in such jurisdictions. If an out-of-state attorney commits actual fraud in representing any material fact in the affidavit or unsworn statement under penalty of perjury provided herein, that attorney shall be permanently ineligible for admission to an Oklahoma court or tribunal pursuant to this Rule, or for admission to the Oklahoma Bar Association. The out-of-state attorney shall file a separate application with respect to each proceeding in which he or she seeks to practice.

2. An Oklahoma court or tribunal may temporarily admit an out-of-state attorney on a showing of good cause for noncompliance with the other provisions of this Rule. Temporary admission under this Rule may be granted for a period not exceeding 10 days; however, such period may be extended as necessary on clear and convincing proof that the circumstances warranting the extension are beyond the control of the out-of-state attorney.

3. Unless a waiver is granted pursuant to Subsection 4, the out-of-state attorney shall pay the sum of Three Hundred Fifty Dollars ($350.00) as a non-refundable application fee to the Oklahoma Bar Association. If the proceeding is pending on the anniversary of the application, an annual renewal fee of Three Hundred Fifty Dollars ($350.00) shall be paid to the Oklahoma Bar Association and such fee shall continue to be paid on each anniversary date until the proceeding is concluded or the out-of-state attorney is permitted to withdraw from the proceeding by the applicable Oklahoma court or tribunal. In the event the annual renewal fee is not timely paid, the Oklahoma Bar Association shall mail a renewal notice to the out-of-state attorney at the address set forth in the attorney's application filed with the Oklahoma Bar Association under this Rule (or at an updated address subsequently furnished by the out-of-state attorney to the Oklahoma Bar Association), apprising the attorney of the failure to timely pay the annual renewal fee of Three Hundred Fifty Dollars ($350) with an additional late fee of one hundred dollars ($100). If the out-of-state attorney fails to timely comply with this renewal notice, the Oklahoma Bar Association shall mail notice of default to the out-of-state attorney, the Oklahoma associated attorney (if applicable), and the Oklahoma court or tribunal conducting the proceeding. The Oklahoma court or tribunal shall file the notice of default in the proceeding and shall remove the out-of-state attorney as counsel of record unless such attorney shows that the Oklahoma Bar Association's renewal notice was not received or shows excusable neglect for failure to timely pay the annual renewal fee and late fee. In the event of such a showing, the tribunal shall memorialize its findings in an order, and the out-of-state attorney shall within 10 calendar days submit the order to the Oklahoma Bar Association, promptly pay the annual renewal fee and late fee, and file a receipt from the Oklahoma Bar Association showing such payments with the Oklahoma court or tribunal.

4. Out-of-state attorneys appearing pro bono to represent indigent criminal defendants, or on behalf of persons who otherwise would qualify for representation under the guidelines of the Legal Services Corporation due to their incomes and the kinds of legal matters that would be covered by the representation, may request a waiver of the application fee from the Oklahoma Bar Association. Waiver of the application fee shall be within the sole discretion of the Oklahoma Bar Association and its decision shall be nonappealable.

5. The out-of-state attorney shall associate with an Oklahoma attorney. The associated Oklahoma attorney shall enter an appearance in the proceeding and service may be had upon the associated Oklahoma attorney in all matters connected with said proceeding with the same effect as if personally made on the out-of-state attorney. The associated Oklahoma attorney shall sign all pleadings, briefs, and other documents, and be present at all hearings or other events in which personal presence of counsel is required, unless the Oklahoma court or tribunal waives these requirements.

6. An out-of-state attorney shall by written motion request permission to enter an appearance in any proceeding he or she wishes to participate in as legal counsel and shall present to the applicable Oklahoma court or tribunal a copy of the application submitted to the Oklahoma Bar Association pursuant to Subsection B(1) of this Rule and a Certificate of Compliance issued by the Oklahoma Bar Association.

C. Admission of an out-of-state attorney to appear in any proceeding is discretionary for the judge, hearing officer or other decision-making or recommending official presiding over the proceeding.

D. Upon being admitted to practice before an Oklahoma court or tribunal, an out-of-state attorney is subject to the authority of that court or tribunal, and the Oklahoma Supreme Court, with respect to his or her conduct in connection with the proceeding in which the out-of-state attorney has been admitted to practice law. More specifically, the out-of-state attorney is bound by any rules of the Oklahoma court or tribunal granting him or her admission to practice and also rules of more general application, including the Oklahoma Rules of Professional Conduct and the Rules Governing Disciplinary Proceedings. Out-of-state attorneys are subject to discipline under the same conditions and terms as control the discipline of Oklahoma attorneys. Notwithstanding any other provisions of this Article or Subsection, however, out-of-state attorneys shall not be subject to the rules of this Court relating to mandatory continuing legal education.

E. The requirements set forth below shall apply to all attorneys granted a special temporary permit to practice pursuant to the Rules Governing Admission to the Practice of Law in the State of Oklahoma (5 O.S Chapter 1, App. 5):

1. In addition to compliance with the applicable Rules Governing Admission to the Practice of Law in the State of Oklahoma, an attorney granted a special temporary permit to practice shall pay an administrative fee to the Oklahoma Bar Association of $350.00 regardless of the duration of the permit. An annual fee in the amount of $350.00 shall be collected on or before the anniversary of the permit. A late fee of $100.00 shall be collected in the event the fee is paid within 30 days of the due date. In the event that the fee is not paid within 30 days of the due date, the special temporary permit shall be deemed cancelled and can only be renewed upon making application to the Board of Bar Examiners and the payment of a new application fee. The annual permit shall only be renewed upon affirmation that the conditions for which the special temporary permit was issued still exist. An attorney granted a special temporary permit to practice shall not appear on the roll of attorneys and shall not be considered a member of the Oklahoma Bar Association. However, an attorney granted a special temporary permit shall be subject to the jurisdiction of the Oklahoma Supreme Court for purposes of attorney discipline and other orders revoking, suspending or modifying the special permit to practice law.

2. Attorneys granted a special temporary permit to practice prior to the promulgation of this rule shall be deemed to have a renewal date of January 2, 2010.

3. All attorneys granted a special temporary permit to practice shall comply with the requirements of the Rules for Mandatory Continuing Legal Education with the exception that the annual reporting period shall be the anniversary date of the issuance of the special temporary permit to practice.

 

 

Exhibit B

Rules Creating and Controlling the Oklahoma Bar Association

(Okla. Statutes Title 5, Chapter 1, Appendix 1)

Section 5. OUT-OF-STATE ATTORNEYS AND ATTORNEYS GRANTED A SPECIAL TEMPORARY PERMIT TO PRACTICE.

A. Definitions - The following definitions govern this Article:

1. Out-of-State Attorney: A person who is not admitted to practice law in the State of Oklahoma, but who is admitted in another state or territory of the United States, the District of Columbia, or a foreign country.

2. Oklahoma Attorney: A person who is (a) licensed to practice law in Oklahoma, as an active or senior member as those categories are defined in Section 2 of this Article; and (b) a member in good standing of the Oklahoma Bar Association.

3. Oklahoma Courts or Tribunals: All trial and appellate courts of the State of Oklahoma, as well as any boards, departments, commissions, administrative tribunals, or other decision-making or recommending bodies created by the State of Oklahoma and functioning under its authority. This term shall include court-annexed mediations and arbitrations. It shall not, however, include federal courts or other federal decision-making or recommending bodies which conduct proceedings in Oklahoma.

4. Proceeding: Any action, case, hearing, or other matter pending before an Oklahoma court or tribunal, including an "individual proceeding" within the meaning of Oklahoma's Administrative Procedures Act (75 O.S. § 250.3).

5. Attorney Granted Special Temporary Permit to Practice: An attorney who is granted a special temporary permit pursuant to Rule Two Sections 5 and 6 of the Rules Governing Admission to the Practice of Law in the State of Oklahoma.

B. An out-of-state attorney may be permitted to practice before Oklahoma courts or tribunals solely for the purpose of participating in a proceeding in which he or she has been employed upon the following express conditions:

1. The out-of-state attorney shall make application with the Oklahoma Bar Association, in such form and according to the procedure approved by the Board of Governors of the Oklahoma Bar Association. Said application shall include an affidavit (or unsworn statement under penalty of perjury pursuant to 12 O.S. § 426) which: (a) lists each state or territory of the United States, the District of Columbia, or foreign country in which the out-of-state attorney is admitted; and (b) states that the out-of-state attorney is currently in good standing in such jurisdictions. If an out-of-state attorney commits actual fraud in representing any material fact in the affidavit or unsworn statement under penalty of perjury provided herein, that attorney shall be permanently ineligible for admission to an Oklahoma court or tribunal pursuant to this Rule, or for admission to the Oklahoma Bar Association. The out-of-state attorney shall file a separate application with respect to each proceeding in which he or she seeks to practice.

2. An Oklahoma court or tribunal may temporarily admit an out-of-state attorney on a showing of good cause for noncompliance with the other provisions of this Rule. Temporary admission under this Rule may be granted for a period not exceeding 10 days; however, such period may be extended as necessary on clear and convincing proof that the circumstances warranting the extension are beyond the control of the out-of-state attorney.

3. Unless a waiver is granted pursuant to Subsection 4, the out-of-state attorney shall pay the sum of Three Hundred Fifty Dollars ($350.00) as a non-refundable application fee to the Oklahoma Bar Association. If the proceeding is pending on the anniversary of the application, an annual renewal fee of Three Hundred Fifty Dollars ($350.00) shall be paid to the Oklahoma Bar Association and such fee shall continue to be paid on each anniversary date until the proceeding is concluded or the out-of-state attorney is permitted to withdraw from the proceeding by the applicable Oklahoma court or tribunal. In the event the annual renewal fee is not timely paid, the Oklahoma Bar Association shall mail a renewal notice to the out-of-state attorney at the address set forth in the attorney's application filed with the Oklahoma Bar Association under this Rule (or at an updated address subsequently furnished by the out-of-state attorney to the Oklahoma Bar Association), apprising the attorney of the failure to timely pay the annual renewal fee of Three Hundred Fifty Dollars ($350) with an additional late fee of one hundred dollars ($100). If the out-of-state attorney fails to timely comply with this renewal notice, the Oklahoma Bar Association shall mail notice of default to the out-of-state attorney, the Oklahoma associated attorney (if applicable), and the Oklahoma court or tribunal conducting the proceeding. The Oklahoma court or tribunal shall file the notice of default in the proceeding and shall remove the out-of-state attorney as counsel of record unless such attorney shows that the Oklahoma Bar Association's renewal notice was not received or shows excusable neglect for failure to timely pay the annual renewal fee and late fee. In the event of such a showing, the tribunal shall memorialize its findings in an order, and the out-of-state attorney shall within 10 calendar days submit the order to the Oklahoma Bar Association, promptly pay the annual renewal fee and late fee, and file a receipt from the Oklahoma Bar Association showing such payments with the Oklahoma court or tribunal.

4. Out-of-state attorneys appearing pro bono to represent indigent criminal defendants, or on behalf of persons who otherwise would qualify for representation under the guidelines of the Legal Services Corporation due to their incomes and the kinds of legal matters that would be covered by the representation, may request a waiver of the application fee from the Oklahoma Bar Association. Waiver of the application fee shall be within the sole discretion of the Oklahoma Bar Association and its decision shall be nonappealable.

5. The out-of-state attorney shall associate with an Oklahoma attorney. The associated Oklahoma attorney shall enter an appearance in the proceeding and service may be had upon the associated Oklahoma attorney in all matters connected with said proceeding with the same effect as if personally made on the out-of-state attorney. The associated Oklahoma attorney shall sign all pleadings, briefs, and other documents, and be present at all hearings or other events in which personal presence of counsel is required, unless the Oklahoma court or tribunal waives these requirements.

6. An out-of-state attorney shall by written motion request permission to enter an appearance in any proceeding he or she wishes to participate in as legal counsel and shall present to the applicable Oklahoma court or tribunal a copy of the application submitted to the Oklahoma Bar Association pursuant to Subsection B(1) of this Rule and a Certificate of Compliance issued by the Oklahoma Bar Association.

C. Admission of an out-of-state attorney to appear in any proceeding is discretionary for the judge, hearing officer or other decision-making or recommending official presiding over the proceeding.

D. Upon being admitted to practice before an Oklahoma court or tribunal, an out-of-state attorney is subject to the authority of that court or tribunal, and the Oklahoma Supreme Court, with respect to his or her conduct in connection with the proceeding in which the out-of-state attorney has been admitted to practice law. More specifically, the out-of-state attorney is bound by any rules of the Oklahoma court or tribunal granting him or her admission to practice and also rules of more general application, including the Oklahoma Rules of Professional Conduct and the Rules Governing Disciplinary Proceedings. Out-of-state attorneys are subject to discipline under the same conditions and terms as control the discipline of Oklahoma attorneys. Notwithstanding any other provisions of this Article or Subsection, however, out-of-state attorneys shall not be subject to the rules of this Court relating to mandatory continuing legal education.

E. The requirements set forth below shall apply to all attorneys granted a special temporary permit to practice pursuant to the Rules Governing Admission to the Practice of Law in the State of Oklahoma (5 O.S Chapter 1, App. 5):

1. In addition to compliance with the applicable Rules Governing Admission to the Practice of Law in the State of Oklahoma, A an attorney granted a special temporary permit to practice shall pay an administrative fee to the Oklahoma Bar Association of $350.00 regardless of the duration of the permit. An annual fee in the amount of $350.00 shall be collected on or before the anniversary of the permit. A late fee of $100.00 shall be collected in the event the fee is paid within 30 days of the due date. In the event that the fee is not paid within 30 days of the due date, the special temporary permit shall be deemed cancelled and can only be renewed upon making application to the Board of Bar Examiners and the payment of a new application fee. The annual permit shall only be renewed upon affirmation that the conditions for which the special temporary permit was issued still exist. An attorney granted a special temporary permit to practice shall not appear on the roll of attorneys and shall not be considered a member of the Oklahoma Bar Association. However, an attorney granted a special temporary permit shall be subject to the jurisdiction of the Oklahoma Supreme Court for purposes of attorney discipline and other orders revoking, suspending or modifying the special permit to practice law.

2. Attorneys granted a special temporary permit to practice prior to the promulgation of this rule shall be deemed to have a renewal date of January 2, 2010.

3. All attorneys granted a special temporary permit to practice shall comply with the requirements of the Rules for Mandatory Continuing Legal Education with the exception that the annual reporting period shall be the anniversary date of the issuance of the special temporary permit to practice.





 Citationizer© Summary of Documents Citing This Document
 
 
 
 Cite
 Name
 Level
 
 
 
 Title 5. Attorneys and the State Bar
 Cite
Name
Level

 5 O.S. Art II Sec 5, Out-of-State Attorneys and Attorneys Granted a Special Temporary Permit To Practice
Cited


 
 
 Citationizer: Table of Authority
 
 
 
 Cite
 Name
 Level
 
 
 
 Title 12. Civil Procedure
 Cite
Name
Level

 12 O.S. 426, Affidavit
Discussed
Title 75. Statutes and Reports
 Cite
Name
Level

 75 O.S. 250.3, Definitions
Discussed


 
 








 
 
 
 

 
 

 
 
 
 oscn
 
 EMAIL: webmaster@oscn.net
 Oklahoma Judicial Center
 2100 N Lincoln Blvd.
 Oklahoma City, OK 73105
 
 
 courts
 
 Supreme Court of Oklahoma
 Court of Criminal Appeals 
 Court of Civil Appeals
 District Courts
 
 
 
 decisions
 
 New Decisions
 Supreme Court of Oklahoma
 Court of Criminal Appeals
 Court of Civil Appeals
 
 
 
 programs
 
 The Sovereignty Symposium
 
 Alternative Dispute Resolution
 Early Settlement Mediation
 Children's Court Improvement Program (CIP)
 Judicial Nominating Commission
 Certified Courtroom Interpreters
 Certified Shorthand Reporters
 Accessibility ADA
 
 
 
 
 
 
 
 
 Contact Us
 Careers
 Accessibility ADA